## *In re* CHAPTER 6, SESSION LAWS OF 1890.

Const. Art. 5, 13, provides that the governor shall have authority to require the opinion of the judges of the supreme court upon important questions of law involved in the exercise of his executive powers and upon solemn occasions. *Held*, upon request by the governor for an opinion upon the construction of Session Laws 1890, Chap. 6, with reference to the appointment of regents of education, involving the duration of the terms of office of certain regents, that an opinion thereon should not be given, as involving rights of persons not given an opportunity to be heard.

(Opinion filed Feb. 25, 1896.)

The opinion of the judges of the supreme court upon the matter of the construction of Chapter 6 of the Session Laws of South Dakota of 1890, was requested by the governor, and the following response was made:

Supreme Court Chambers.

Pierre, February 25, 1896.

His Excellency, Charles H. Sheldon, Governor of South Dakota.

Sir:  We are in receipt of your communication of recent date, wherein you request our opinion upon the construction of Chapter 6, Session Laws of 1890, with reference to the appointment of regents of education, and in which you state: "The original appointments which were made by my predecessor, the then governor, are shown by the appointment register kept in the office of the secretary of state, which is herewith pre-

sented for your examination, to have been made upon the 9th day of March, 1890, for the term of six, four, and two years, although at least one of the commissions issued to a six-year appointee bears date the 12th of March, 1890. The question at issue is whether the governor should not have strictly complied with the law, and have made these appointments not later than the 1st of March, 1890, and whether, having been made at a later date, they would not of necessity expire, although made for six years, not later than the first of March, 1896. The further question as to whether appointments made to fill vacancies, although including the appointment of more than one person, must not expire when the original appointment would have terminated if the original appointee had held the full term of his appointment, notwithstanding the language of the commission, is also involved."

With great respect to yourself and a sense of our serious official responsibilities, we have the honor to make the following reply:

The request of your excellency must be considered with reference to the authority and purpose of Sec. 13, Art. 5, of the constitution, which reads as follows: "The governor shall have authority to require the opinion of the judges of the supreme court upon important questions of law involved in the exercise of his executive powers and upon solemn occasions." This section of the constitution is an enlargement of the usual duties of the judiciary. We believe but few state constitutions contain analogous provisions. It is a fundamental principle of our political system, recognized and respected by all thoughtful citizens, that, so far as possible, each department of government should act independently of the others. Unless carefully guarded, the section of the constitution in question may lead to frequent discussions of delicate distinctions between executive and judicial duties. We believe the operation of its provisions should never be extended beyond the manifest intent of its terms. Its language should be given a restricted, rather than

an enlarged, interpretation. Only upon important questions of law and upon solemn occasions should the *ex parte* opinion of judges be required or given.

It is impossible to announce any rule applicable to all cases for determining what questions are of sufficient importance, or what occasions are of sufficient solemnity, to warrant the employment of this unusual proceeding. These are matters which must rest largely in the discretion of both the executive and the judiciary; for, while the executive will have to first judge whether any given question justifies a request for the opinion of the judges, upon the latter must devolve the responsibility of deciding whether it is one upon which the constitution contemplates an opinion should be given. ·It is submitted, however, that, for many excellent reasons, great caution should be employed both by the executive and the judges in exercising the discretion conferred upon each. *In re* Constitutionality of Senate Bill No. 65, 12 Colo. 466, 21 Pac. 478.

It is evident that a construction of the statute to which our attention is called would substantially affect the rights of persons now acting as regents of education. To determine such rights in advance of any contention on their part, and without such persons having an opportunity to be heard, seems to us exceedingly undesirable, and not in accord with the methods usually employed in judicial proceedings. See *In re* Construction of Constitution, 3 S. D. 548, 54 N. W. 650. If no doubt exists as to the construction to be given this statute, an opinion would seem unnecessary; if doubts do exist, its proper interpretation would involve difficulties, for the solution of which we should have the research and assistance of counsel charged with the important duty of representing and protecting the interests and rights of all concerned—an essential and efficient aid in the due administration of justice.

After mature and thoughtful consideration of your excellency's communication and our duties under the constitution, we beg leave to respectfully announce that we are forced to the

conclusion that our opinion should not be given upon the construction of the statute mentioned therein.

<div align="center">

Most respectfully,

DIGHTON CORSON,

H. G. FULLER,

D. HANEY,

Judges of the Supreme Court of South Dakota