## IN RE OPINION OF THE JUDGES

### (182 N.W.2d 849)

(File No. 10922. Opinion filed January 20, 1971)

TO HIS EXCELLENCY, RICHARD F. KNEIP, THE GOVERNOR OF THE STATE OF SOUTH DAKOTA:

From your communication of January 15, 1971, it appears that Harry D. Witt and Charles H. Burke were appointed and confirmed as members of the State Board of Regents. Their terms of office commenced January 1, 1965 and continued until January 1, 1971, or until their successors were appointed and qualified. On January 2, 1971, Governor Frank L. Farrar appointed Elvern Varilek and Ronald Schmidt as members of the same board to succeed respectively Harry D. Witt and Charles H. Burke, subject to confirmation by the State Senate. Their terms were for six years commencing January 1, 1971. On the same day they subscribed and filed the required oaths of office.

After Governor Farrar's term of office expired you succeeded him and on January 11, 1971 you withdrew the nominations of Varilek and Schmidt and notified the Secretary of State thereof in writing. You request our opinion as to which of these persons are entitled to sit as members of the Board of Regents. We assume that you make this inquiry

anticipating the possible appointment of other members to the board.

Your request is made pursuant to Art. V, § 13 of our Constitution, which states:

"The Governor shall have authority to require the opinions of the judges of the Supreme Court upon important questions of law involved in the exercise of his executive powers and upon solemn occasions."

Furnishing legal advice is not a judicial function. Early in our statehood the judges of this court recognized that this section is an enlargement of the usual duties of the judiciary. In re Ch. 6, Session Laws of 1890, 8 S.D. 274, 66 N.W. 310. They warned that great caution should be employed by the executive and the judges in exercising the discretion conferred thereby upon each.

It is obvious that by their appointments Varilek and Schmidt may have acquired rights in the offices to which they were appointed. To answer your inquiry might substantially affect such rights. As this court said In re House Resolution No. 30, 10 S.D. 249, 72 N.W. 892, to determine the same in advance of any contention on their part, and without them having an opportunity to be heard, seems to us exceedingly undesirable, and not in accord with methods usually employed in judicial proceedings. These are sound views.

We are not aware of any occasion when the judges of this court have assisted an advisory opinion when private rights were involved. On the contrary they have consistently declined to do so. Many of these instances are discussed In re Opinion of the Judges, 34 S.D. 650, 147 N.W. 729 and the cogent reasoning involved therein reviewed. The conclusion arrived at there by the judges was that:

"It thus seems to be the settled rule of this jurisdiction that only the greatest and most urgent necessity will justify us in rendering an ex parte opinion where private rights are involved. The judges of the highest courts of other states have taken the same view."

The necessity referred to is absent in this case. In fact, in the described circumstances, the parties involved could have their rights expeditiously determined in an adversary proceeding by information in the nature of an action in quo warranto. SDCL 21-28. This would afford all parties their day in court with the aid of counsel.

For the reasons stated we feel compelled to decline to answer your inquiry.

Most respectfully,

ALEX RENTTO

FRANK BIEGELMEIER

FRED R. WINANS

Because of its urgency and great public importance, we would honor Governor Kneip's request for an advisory opinion on the important questions propounded to the members of this court pursuant to Art. V, § 13 of our Constitution.

CHARLES S. HANSON

ROGER L. WOLLMAN