## OPINION OF THE COURT RELATIVE TO EXECUTIVE ORDER 73-1

(204 N.W.2d 184)

(File No. 11262. Opinion filed February 12, 1973)

TO HIS EXCELLENCY, RICHARD F. KNEIP, THE GOVER-
NOR OF THE STATE OF SOUTH DAKOTA.

Your letter of February 8, 1973, requests the opinion of the
Justices of the Supreme Court upon important questions of law
involving the exercise of your executive powers as Governor and
upon matters which you state are of utmost solemn occasion
relating to Section 8 of Article IV of the South Dakota
Constitution adopted at the general election on November 7,
1972. Pursuant to Section 5 of Article V of the Constitution your
request is now addressed to the "Supreme Court".

> "The Governor has authority to require opinions of the
> Supreme Court upon important questions of law in-
> volved in the exercise of his executive power and upon
> solemn occasions."

The second paragraph of Section 8, Article IV of the
Constitution of South Dakota provides:

> "Except as to elected constitutional officers, the
> Governor may make such changes in the organization of
> offices, boards, commissions, agencies and instrumentali-
> ties, and in allocation of their functions, powers and
> duties, as he considers necessary for efficient administra-
> tion. If such changes affect existing law, they shall be
> set forth in executive orders, which shall be submitted to
> the Legislature within five legislative days after it con-

venes, and shall become effective, and shall have the force of law within ninety days after submission, unless disapproved by a resolution concurred in by a majority of all the members of either house."

You state that on January 22, 1973, the fifth legislative day of the current session, you submitted in accordance with that section Executive Order 73-1 to change the current organization of the executive branch into a structure of 16 principal departments. You request our opinion on two questions as follows:

"1. Is Executive Order 73-1 an unconstitutional or invalid exercise of executive power by virtue of being a single order changing the structure of the executive branch of state government as opposed to being submitted in several orders changing the structure of the executive branch of state government?

"2. Should Executive Order 73-1 be an unconstitutional or invalid exercise of executive power by virtue of being a single order, what then is the extent of the subject matter that can be encompassed by a single executive order?"

█ It was stated in Opinion of the Judges, Re Legislative Reapportionment, 61 S.D. 107, 246 N.W. 295, with reference to the answering of such inquiries that:

"we have taken into consideration the fact that it is your duty as chief executive, under section 4 of article 4 of the Constitution (now part of Section 3, Article IV), to recommend to the Legislature such measures as you shall deem expedient, and we realize that you as chief executive would not wish to urge that the Legislature take action at this time concerning the matter of apportionment if they were forbidden so to do by the Constitution. We have also considered the fact that your inquiry raises a question strictly publici juris and involves no private rights, and the further point that your princi-

pal inquiry does not go generally to the constitutionality of any proposed legislation as dependent upon the form or contents of the legislation * * *".

Giving that statement consideration, we have concluded that your inquiry should be answered; if the Order is invalid you may deem it your duty to recommend reorganization by the legislature, but if the Order is valid that would be unnecessary.

On January 11, 1973, you asked the following question:

"1. Would the allocation of all executive and administrative offices, boards, agencies, commissions, and instrumentalities of the state government and their respective functions, powers and duties, except for the elected constitutional offices, among and within not more than twenty-five principal departments by executive order or orders which, prior to July 1, 1974, become effective and have the 'force of law' through the procedures established in the second paragraph of Section 8, Article IV of the State Constitution comply with the provisions of the first paragraph of Section 8, Article IV of the State Constitution?"

In answer to that question in a January 15, 1973 opinion we stated that as Governor you had and could exercise the power and authority granted in the second paragraph of Section 8, Article IV, and the exercise of those powers was separate and independent of the power of the legislature referred to in the first paragraph of that section.

It will be noted that your question concerned your action "by executive order or orders", and, consistent with the affirmative answer we gave, we believe that your action in connection with the exercise of this power may be by a single order or more than one order.

█ Accordingly, we conclude that your action promulgating Executive Order 73-1 insofar as it was a single order, as opposed to being submitted in several orders, was a constitutional and valid exercise of your executive power.

Our answer to question 1 obviates the necessity of answering question 2.

Respectfully submitted this 12th day of February, 1973.

FRANK BIEGELMEIER
Presiding Justice

FRED R. WINANS
JAMES M. DOYLE
Associate Justices

In a recent advisory opinion on the subject of reorganization my position was summarized as follows:

(1) Paragraph 1 of § 8, Art. IV of our Constitution is addressed solely to the legislature and commands that body, by law, to effectuate a complete plan of reorganization of the executive branch not later than July 1, 1974;

(2) After the legislature has enacted its reorganization plan, Par. 2 of § 8 authorizes the governor, by executive order or orders, to "MAKE SUCH CHANGES" in the organization. In my opinion this contemplates isolated changes in the future as experience proves necessary or desirable for efficient administration. Consistent with legislative practice such proposed "Changes" in existing law should be embodied in separate executive orders. Otherwise, the legislature is not given a selective choice to approve or disapprove when two or more unrelated subjects are contained in a single rule.

I adhere to my former opinion. Accordingly, in response to your present request it is my opinion that Executive Order 73-1 is an unconstitutional and invalid exercise of executive power. See In Re Opinion of the Justices, filed January 15, 1973, and reported in 87 S.D. 114, 203 N.W.2d 526.

Respectfully submitted this 12th day of February, 1973.

CHARLES S. HANSON
Associate Justice

Because I adhere to my opinion set forth in In Re Opinion of the Justices, 87 S.D. 114, 203 N.W.2d 526, dated January 15, 1973, that the initial reorganization of the executive branch contemplated by Section 8, Article IV of the Constitution is a matter of legislative rather than executive duty and authority, any answer by me to the questions propounded in your letter of February 8, 1973, would be academic. Accordingly, I must respectfully decline to answer those questions.

Respectfully submitted this 12th day of February, 1973.

ROGER L. WOLLMAN
Associate Justice