## OPINION OF THE SUPREME COURT

(209 N.W.2d 668)

(File No. 11320. Opinion filed July 20, 1973)

TO HIS EXCELLENCY, RICHARD F. KNEIP, THE GOVER-
NOR OF THE STATE OF SOUTH DAKOTA:

Your letter of July 2, 1973, requests an opinion of the Supreme Court "upon important questions of law involved in the exercise of my executive powers as Governor, and upon matters which I deem to be of utmost 'solemn occasion.' "

■ This opinion will outline in broad terms the contents of your letter. At the general election of November 7, 1972, Article IV, § 8 of the Constitution was amended to read in part:

"Except as to elected constitutional officers the Governor may make such changes in the organization of offices, boards, commissions, agencies and instrumentalities, and in allocation of their functions, powers and duties, as he considers necessary for efficient administration. If such changes affect existing law, they shall be set forth in executive orders, which shall be submitted to the Legislature within five legislative days after it convenes, and shall become effective, and shall have the force of law, within ninety days after submission, unless disapproved by a resolution concurred in by a majority of all the members of either house."

Pursuant thereto, you timely submitted Executive Order 73-1 reorganizing the structure of the Executive branch to be effective July 1, 1973, to the Forty-Eighth Session of the Legislature. See e. g. In Re Opinion of the Justices, 87 S.D. 114, 203 N.W.2d 526. The Order included the following:

"Section 52. The office of commissioner of consumer affairs, created by chapter 226, SL 1969 as amended, being SDCL 37-23-1 et. seq., is hereby transferred by a type 3 transfer to the division of consumer protection of the department of commerce and consumer affairs."

No resolution was introduced into, or approved by, either House. This indicated the Legislature's intent to permit Executive Order 73-1 to become effective and have force of law pursuant to Article IV, § 8 of our Constitution. Though the Legislature amended Executive Order 73-1 with respect to other matters and departments, the House of Representatives defeated House Bill

893 which would have had the effect of returning the Office of the Commissioner of Consumer Affairs to the Office of the Attorney General.

You further state that the Attorney General on June 25, 1973, issued an official opinion to the acting Commissioner of the Office of Consumer Affairs in which he advised that that office could not be removed from the Attorney General's Office by such an Executive Order. Your letter then continues:

"The Opinion thus raises both questions of Legislative authorization for the transfer and the distinction between transferring a statutorily attached administrative unit out of a constitutional *office* as contrasted to affecting the inherent constitutional status, rights, duties and method of selection of an elected constitutional *officer*.

"That the Commissioner of Consumer Affairs is assigned powers, functions, and duties by statute (e. g. SDCL 37-23-4, SDCL 37-25, SDCL 49-41-9.3 to 49-41-9.7) that can be performed only by the Commissioner of Consumer Affairs and that are distinguishable from the constitutional status, rights, and method of selection of the Attorney General as an elected constitutional *officer*.

"That a determination of whether an agency created by statute and attached to a constitutional office may be transferred by means of an Executive Order having the 'force of law' is an important question of law involving the exercise of my executive powers, both in terms of the Executive Order I submitted to the Legislature and my responsibility to implement that Order through the powers delegated to me to transfer budgets, personnel, property, and office allocations.

"ACCORDINGLY, I would request the Opinion of the Court in answer to this question:

"1. Should I proceed, as Governor and Chief Budget Officer, in implementing the transfer of the

Office of the Commissioner of Consumer Affairs as specified in Executive Order 73-1 on the basis that I have properly exercised my authority as Governor under Article IV, Section 8 of the South Dakota Constitution and, in addition, that the Legislature has authorized this transfer by its non-veto of the Executive Order and its defeat of a bill that would have retained the Office of the Commissioner of Consumer Affairs in the Attorney General's office?"

Article V, § 5, of the Constitution of South Dakota now provides:

"* * * The Governor has authority to require opinions of the Supreme Court upon important questions of law involved in the exercise of his executive power and upon solemn occasions."

As this is substantially the same as § 13 of Article V of the predecessor Constitution, prior opinions under it are pertinent.

After referring to this provision as "unusual", the court wrote:

"Only upon important questions of law and upon solemn occasions should the *ex parte* opinion of judges be required. * * * These are matters which must rest largely in the discretion of both the executive and the judiciary; for, while the executive will have to first judge whether any given question justifies a request for the opinion of the judges, upon the latter must devolve the responsibility of deciding whether it is one upon which the constitution contemplates an opinion should be given. It is submitted, however, that, for many excellent reasons, great caution should be employed both by the executive and the judges in exercising the discretion conferred upon each." In Re Chapter 6, Session Laws of 1890, 8 S.D. 274, 66 N.W. 310, quoted in In re House Resolution No. 30, 10 S.D. 249, 72 N.W. 892.

Our first task is to determine under those guidelines whether your inquiry comes within the purview of the Constitution as to the exercise of your executive power.

### I.

The Governor's request for an opinion was answered in Opinion of the Judges, 61 S.D. 107, 246 N.W. 295, for the reason that it was the Governor's duty as chief executive to recommend to the Legislature enactment of such measures as he deemed expedient. See also In Re Opinion of Supreme Court, 87 S.D. 114, 204 N.W.2d 184, which includes with approval a quotation from that opinion and was the basis upon which the questions there propounded were answered. Having executed and submitted Executive Order 73-1 to the Legislature you have performed that duty.

If a Commissioner of Consumer Affairs or other officers have been appointed under that Order and other persons are assuming to act as such under appointment of the Attorney General, their rights can be expeditiously determined in some adversary proceeding. See In Re Opinion of the Judges, 85 S.D. 390, 182 N.W.2d 849.

We also conclude that, while the matter is understandably of serious concern to your office, the circumstances giving rise to your inquiry cannot properly be deemed a solemn occasion within the meaning of Article V, § 5 of the Constitution.

For these reasons the Court most respectfully declines to answer your inquiry.

All the Justices concur.